UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and JOHN J.
VIRGA, in his fiduciary capacity as Director,

and

ROBERT BONANZA, as Business Manager of the
MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK,

                Petitioners,

     v.

CAC SPECIALTIES, INC,

                Respondent.

**OPINION AND ORDER**

18 Civ. 6561 (ER)

Ramos, D.J.:

       The Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds") and their director John Virga, along with the associated labor-management organization, the Mason Tenders District Council of Greater New York (the "Union") and its business manager Robert Bonanza (collectively, "Petitioners"), petition the Court to confirm an arbitration award against CAC Specialties Inc. Doc. 1. For the reasons stated below, the petitioners' motion is granted.

**I.    Factual Background**

       The Funds are employee benefit plans and multiemployer plans as defined by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1002(3), 1002(37)(A). *Id.* at ¶ 1. The Funds are established by Benefit Plan and Pension Fund Trust Agreements

("Trust Agreements") and maintained pursuant to those agreements by a board of trustees composed of union and employer representatives in accordance with the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). *Id.* Employers contribute to the Funds on behalf of eligible employees pursuant to a collective bargaining agreement. *Id.* John Virga directs the Funds. *Id.* The Union is a labor organization representing employers pursuant to § 185 of the Taft-Hartley Act. *Id.* at ¶ 2.

CAC Specialties is an employer bound by the New York City Agency, Renovation and Rehabilitation of City Owned Buildings/Structures Project Labor Agreement ("PLA"), a collective bargaining agreement between New York City and the Building and Construction Trades Council of Greater New York (the "Council"). *Id.* at ¶ 3. The Union is a member of the Council. *Id.* at ¶ 6.

Under the PLA, employers agree to be bound by the terms of the Trust Agreements. *Id.* at ¶ 7. The PLA and the Trust Agreements require employers to pay certain monthly contributions to the Funds and to the Union's Political Action Committee ("PAC") for all employees covered by the PLA at a set rate. *Id.* at ¶¶ 7, 11. The Trust Agreements allow for the Funds' Trustee to resolve disputes for unpaid contributions by arbitration. *Id.* at ¶ 8. In the event that such an action succeeds, the employer is responsible for unpaid contributions plus interest, liquidated damages, reasonable attorney's fees and costs, and any other equitable relief the Court deems proper. *Id.* at ¶ 9.

From October 6, 2014 through June 30, 2016, CAC Specialties failed to pay the required contributions under the PLA. *Id.* at ¶ 14. On June 19, 2017, the Funds referred their dispute with CAC Specialties to Arbitrator Joseph Harris. *Id.* at ¶ 15. On June 26,

2017, the Arbitrator sent notice to the parties that the arbitration proceeding was to be held on July 19, 2017. *Id.*

On July 19, 2017, the Arbitrator conducted the arbitration. *Id.* at ¶ 16. CAC Specialties failed to appear. *Id.* The Funds submitted evidence from their auditors and record examiners that CAC Specialties had failed to pay $21,291.66 in fringe benefit contributions, $1,618.17 in dues and PAC contributions, $1,650.15 in current interest, and $311.30 in tier shortages. *Id.* The Funds requested that the Arbitrator award the unpaid contributions, liquidated damages, attorney's fees, and arbitration costs. *Id.*

On July 22, 2017, the Arbitrator issued an award in favor of the Funds. *Id.* at ¶ 17. The Arbitrator found that CAC Specialties is bound by the PLA. *Id.* at Ex. 1, p. 1. The Arbitrator further found that CAC Specialties had notice of the arbitration. *Id.* The Arbitrator ordered CAC Specialties to pay $21,291.66 in fringe benefit contributions, $1,618.17 in dues and PAC contributions, $1,650.15 in current interest, $311.30 in tier shortages, $3,300.30 in liquidated damages, $500 in attorney's fees, and $900 in costs for a total of $29,571.58. *Id.* at Ex. 1, p. 2. CAC Specialties has not complied with the Award. Doc. 1 at ¶ 18.

On July 20, 2018, Petitioners filed the instant petition to confirm the arbitration award. Doc. 1. Petitioners served CAC Specialties on July 30, 2018. Doc. 6. CAC Specialties failed to respond within 21 days. Accordingly, the petition is considered unopposed.

## II.      Legal Standards

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H.*

*Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006). The court is required to grant the award "unless the award is vacated, modified, or corrected." *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record.") (citation omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to

4

any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III.    Discussion

The Court finds that the award has more than a "colorable justification for the outcome reached." *Landy*, 954 F.2d at 797.  The Arbitrator reviewed the PLA, and Petitioners' submissions from their auditors and record examiners, and found that CAC Specialties owed unpaid contributions.  Under the PLA, CAC Specialties is responsible for the unpaid contributions plus interest, liquidated damages, reasonable attorney's fees and costs.  The award reflects CAC Specialties' obligations under the PLA.  "Where, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

The Court also finds that the award as to attorney's fees and costs is appropriate given that CAC Specialties has neither abided by the award nor appeared in this action. Courts "have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases).

In addition, the Court grants post-judgment interest on the award pursuant to 28 U.S.C. § 1961(a).  *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-

judgment interest in mandatory on awards in civil cases as of the date judgment is entered.").

## V.     Conclusion

For all of these reasons, the petition is granted and the arbitration award is confirmed. The Clerk is respectfully directed to enter judgment in favor of Petitioners in the amount of $29,571.58. This judgment shall accrue post-judgment interest pursuant to § 1961. The Clerk is further directed to mail a copy of this decision to CAC Specialties and to close the case.

SO ORDERED.

Dated:   April 5, 2021
         New York, New York

_____
Edgardo Ramos, U.S.D.J.